10-0514-cv
*Bock v. Gold*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of February, two thousand eleven.

PRESENT:     ROBERT D. SACK,
             DEBRA ANN LIVINGSTON*,*
             RAYMOND J. LOHIER, JR.
                       *Circuit Judges*.

_____

GORDON BOCK,
             *Plaintiff-Appellant,*

        -v.-                                         No. 10-0514-cv

STEVEN GOLD, Commissioner, Department of Corrections, JANICE RYAN, Deputy Commissioner, Department of Corrections, RAYMOND FLUM, Director of Offender Classification, JOANNE PEREIRA, Department of Corrections Superintendent, THOMAS DUNN, Department of Corrections, Co-Superintendent, MICHAEL CARLISLE, Department of Corrections Casework Supervisor, CORT JOHNSON, Department of Corrections, Correctional Service Specialist, CYNTHIA NICHOLS, Department of Corrections, Cognitive Self-Change Facilitator, KIT ANDREWS, Department of Corrections, Victim Service Specialist, JASON PATRISSI, Department of Corrections, Correctional Service Specialist, DAVID LEE, Department of Corrections, Correctional Officer, Northeast Regional Correctional facility, JAMES BEDARD, Department of Corrections, Correctional Service Specialist, SHAWN SMITH, Department of Corrections, Correctional Service Specialist, JOHN MURPHY, Department of Corrections, director of hearings/deputy compact administrator,
             *Defendants-Appellees,*

ALEX ANLYAN, Department of Corrections, Cognitive Self-Change Facilitator,
             *Defendant.*

_____

KEVIN F. BERRY, Duane Morris LLP, Philadelphia, PA, *for Plaintiff-Appellant*.

KURT A. KUEHL, Assistant Attorney General, *for* William H. Sorrell, Attorney General for the State of Vermont, Waterbury, VT, *for Defendants-Appellees*.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Gordon Bock appeals from the judgment of the United States District Court for the District of Vermont (Murtha, *J.*), entered January 27, 2010, granting the Defendants-Appellees' motion for summary judgment on the basis of qualified immunity on the plaintiff's 42 U.S.C. § 1983 claim, which alleged that the defendants violated his due process rights under the Fourteenth Amendment in revoking his furlough or conditional re-entry status. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's grant of summary judgment on the basis of qualified immunity, construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Tracy v. Freshwater*, 623 F.3d 90, 96 (2d Cir. 2010). With respect to qualified immunity, the "doctrine . . . protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Our analysis of whether a right is clearly established is "tied to the specific facts and context of the case," *Gilles v. Repicky*, 511 F.3d 239, 244 (2d Cir. 2007), with "[o]nly Supreme Court and Second Circuit

precedent existing at the time of the alleged violation . . . relevant in deciding whether a right is clearly established." *Moore v. Vega*, 371 F.3d 110, 114 (2d Cir. 2004). In order to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

While at one time we were required to decide first whether a constitutional violation had occurred before proceeding to the qualified immunity analysis, we may now exercise our discretion to proceed directly to the latter inquiry if warranted in a particular case. *See Dean v. Blumenthal*, 577 F.3d 60, 67-68 (2d Cir. 2009). This exercise of discretion is particularly appropriate where it is not readily apparent that a constitutional right exists but it is nevertheless evident that any right that did exist was not clearly established. *See id.* at 68. As a result, we address the qualified immunity issue here first.

The plaintiff appeals from the district court's conclusion that it was not clearly established whether the plaintiff had a liberty interest in his status under Vermont's conditional release system.[1] He contends that this asserted liberty interest was in fact clearly established, such that he suffered a violation of clearly established constitutional rights when he was allegedly deprived of this interest without due process.

At the same time, the plaintiff identifies no case in which a court has found that Vermont's conditional release program creates a constitutionally protected liberty interest on the prisoner's part

---

[1] While the plaintiff asserts in his reply brief that he is continuing to maintain equal protection and substantive due process claims on appeal, he makes no argument with respect to those claims in any of his submissions to this Court. Consequently, any appeal on these claims is waived. *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 300 (2d Cir. 2006).

3

in his or her conditional reentry status, nor have we been able to find one. As the defendants note, the Vermont Supreme Court has held explicitly that under an earlier version of the state's conditional release program, "no liberty interest in furlough status may be asserted directly under the United States Constitution," reasoning that an inmate participating in such a program has a status closer to that of an inmate "seeking a particular right or status within an institution" than that of a person released on parole. *Conway v. Cumming*, 161 Vt. 113, 117 (1993); *see also State v. Greene*, 172 Vt. 610, 613 (2001) (citing *Conway* for the proposition that Vermont's statutory scheme governing furlough creates no constitutionally protected liberty interest).

However, as we stated in *Holcomb v. Lykens*, 337 F.3d 217 (2d Cir. 2003), the *Conway* decision dealt with a particular "non-extended" furlough that is distinct from the status possessed by the plaintiff here. *Id.* at 222 n.5. Moreover, the state court decisions do not in any case "relieve us of our obligation to determine [the plaintiff's] due process rights under the federal Constitution for ourselves." *Id.* In *Holcomb*, also construing an earlier version of Vermont's furlough statute, we specifically declined to decide whether the plaintiff had a clearly established liberty interest created by his status under the extended furlough program, *id.* at 223, concluding instead that even assuming the program created a federally protected entitlement, there was no such entitlement to the specific procedures outlined in a state-issued directive, *id.* at 224-25. Here, relying on the Supreme Court decisions in *Young v. Harper*, 520 U.S. 143 (1997), and *Morrissey v. Brewer*, 408 U.S. 471 (1972), the plaintiff asks us to conclude that Vermont's current conditional release program does in fact create a clearly established liberty interest protected by the federal Constitution. As *Young* makes clear, however, whether a certain program of conditional release creates a constitutionally protected interest is a fact-bound inquiry. *See* 520 U.S. at 148-52. We must resolve the question

4

whether such an interest exists by "comparing the specific conditional release in the case before [us] with the liberty interest in parole as characterized by *Morrissey*," *Holcomb*, 337 F.3d at 221, taking into account the "considerable light" shed by *Young*'s analysis of an Oklahoma pre-parole program that the Court found sufficiently similar to parole as to create a liberty interest, *see Kim v. Hurston*, 182 F.3d 113, 118 (2d. Cir. 1999). Considering the factually distinct nature of Vermont's conditional release program and the restraints it imposed on the plaintiff Bock — particularly as they relate to his ability, highlighted in *Morrissey*, to "be with family and friends and to form the other enduring attachments of normal life," 408 U.S. at 482 — we cannot conclude that either the nature of the programs at issue in *Young* and *Morrissey* or the Supreme Court's reasoning in finding a protected liberty interest made it sufficiently clear to a reasonable official that the specific conditional release scheme at issue here also created a protected interest. As a result, the government officials in this case are entitled to qualified immunity.

In addition, the plaintiff here highlights evidence that he alleges establishes subjective awareness on the part of the defendants of what he claims are constitutionally protected rights vested in his conditional re-entry status. As we have said, however, "[t]he qualified immunity test is an objective one." *Zellner v. Summerlin*, 494 F.3d 344, 367 (2d Cir. 2007). The critical inquiry whether a particular right is "clearly established," such that a reasonable official would have known of it, is "determined by reference to the case law extant at the time of the violation" and not by reference to the subjective beliefs of the defendants involved. *In re County of Erie*, 546 F.3d 222, 229 (2d Cir. 2008). Therefore, the plaintiff's evidence, assuming it does in fact support a subjective understanding on the defendants' part that a certain constitutional right existed, simply does not

5

render that right clearly established for the purposes of qualified immunity.[2]  Because the asserted liberty interest in Bock's status under Vermont's conditional release program was not clearly established under the extant case law, the district court correctly concluded that the defendants were entitled to summary judgment.

We have considered all of the plaintiffs' remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] While the plaintiff also notes certain directives issued by the Vermont Department of Corrections setting forth procedural  requirements for furlough revocation hearings, requirements he claims were not followed in this case, the relevant question remains whether it was clearly established that the state conditional release program created a federally protected liberty interest, not whether that program created certain procedural protections allegedly not followed in the current case.  *See Holcomb*, 337 F.3d at 224 ("[S]tate statutes do not create federally protected due process entitlements to specific state-mandated procedures.").  Because that liberty interest was not clearly established here, the defendants are entitled to qualified immunity regardless of whether they followed the procedures outlined by the directives Bock cites in revoking his conditional reentry status.